IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,651-01






EX PARTE DOUGLAS ROBERT FLOYD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 2004CR4333-W1 IN THE 226TH JUDICIAL DISTRICT COURT


FROM BEXAR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
robbery and sentenced to thirty years' imprisonment. The Fourth Court of Appeals affirmed his
conviction. Floyd v. State, No. 04-05-00006-CR (Tex. App. - San Antonio, February 8, 2006, pet.
ref'd). 

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
she failed to request a jury instruction on the lesser-included offense of robbery, failed to file a
motion for a new trial, failed to investigate the existence of an exculpatory video tape, and failed to
advise or allow Applicant to testify on his own behalf. 

 The trial court has entered findings of fact and conclusions of law, in which the court cites
to an affidavit provided by counsel responding to Applicant's allegations. However, the affidavit
was not included in the habeas record. Furthermore, some of the trial court's findings appear to
pertain to a different writ, rather than to Applicant's writ claims.

 The trial court shall supplement the habeas record with a copy of trial counsel's affidavit. 
If the trial court's findings erroneously contain findings pertaining to a different application, the trial
court shall enter new findings of fact and conclusions of law, or make corrections to its existing
findings if corrections are necessary. 

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: June 11, 2008

Do not publish